RYAN S. PETERSEN, ESQ.
NV Bar No. 10715
JASON M. WILEY, ESQ.
NV Bar No. 09274
**WILEY PETERSEN**
1050 Indigo Dr., Ste. 130
Las Vegas, NV 89145
Telephone: (702) 910-3329

*Attorneys for Defendant*
*Medical Depot, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND J. OLSEN, JR., an individual, | CASE NO.: 2:17-cv-00547-GMN-GWF |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| PREFERRED HOMECARE/LIFECARE SOLUTIONS, an Arizona limited liability company; MEDICAL DEPOT, INC., dba DRIVE DEVILBISS HEALTHCARE, a New York corporation; DOES I through X and ROE CORPORATIONS I through X, inclusive, | **[Second Request]** |
| Defendants. | |

Defendants MEDICAL DEPOT, INC. dba DRIVE DEVILBISS HEALTHCARE ("Med Depot"), and PREFERRED HOMECARE/LIFECARE SOLUTIONS ("Preferred Homecare")(and collectively with Med Depot, "Defendants") by and through counsel of record, the law firm of WILEY PETERSEN; and Plaintiff RAYMOND J. OLSEN, JR ("Plaintiff") (collectively with Defendants, the "Parties"), by and through his counsel of record, the law firm of MAIER GUTIERREZ & ASSOCIATES, stipulate and agree to extend the discovery deadlines in this case as follows and hereby submit the same for this Court's review and consideration:

| Deadline | Current Date | Proposed Extension |
|---|---|---|
| Initial expert disclosures | 1/25/2018 | 3/26/2018 |
| Rebuttal expert disclosures | 2/26/2018 | 4/27/2018 |
| Discovery Cut-off | 3/28/2018 | 5/29/2018 |
| Dispositive motions | 4/27/2018 | 6/28/2018 |

## I. PRELIMINARY STATEMENT REGARDING TIMELINESS AND GOOD CAUSE

This second stipulated request to extend discovery deadlines is timely as it is made more than twenty-one days before any of the deadlines to be moved. *See* LR 26-4. This second stipulated request is also supported by good cause based on: (1) the complexity of the liability and damages issues involved, which have required significant time to review and prepare for depositions of the numerous experts, treating physicians, and lay witnesses; (2) the large volume of medical records from approximately thirty-nine (39) medical providers (at current count) which has required extensive time and analysis by both the Parties and their experts; (3) the intervening holiday season which has impacted the ability of the Parties to schedule appropriate depositions and the ability of expert witnesses to properly evaluate and offer opinions regarding the over 3,200 pages of medical records in this matter; and (4) a multi-million-dollar statement of damages by Plaintiff. The Parties have been working cooperatively and diligently to obtain and produce records, respond to written discovery, coordinate depositions, and otherwise complete discovery consistent with the existing scheduling order, a short 60-day continuation of the current deadlines is necessary considering the extensive discovery that is required notwithstanding the Parties' diligence. *See* FRCP 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

## II. DISCOVERY COMPLETED TO DATE

Since the initial Scheduling Order (*see* Dkt. 13), the parties have completed the following discovery:

- *FRCP 26 Disclosures and Supplements*
  - Plaintiff has served Initial and 1st and 2nd Supplemental Disclosures of Witnesses and Documents identifying twenty-four witnesses and

approximately 1,200 pages of documents;

○ Preferred Homecare has served Initial Disclosures identifying approximately 60 additional pages of documents; and

○ Med Depot has served an Initial Disclosure, 1st Supplemental Disclosure, and 2nd Supplemental Disclosure of documents and witnesses identifying multiple witnesses and approximately 3,000 pages of documents.   Despite Medical Depot's diligence in obtaining Plaintiff's medical records from approximately 34 of the 39 identified medical providers, there remains medical records from approximately 5 medical providers to obtain.

● *Written Discovery*

○ Plaintiff has served the following sets of written discovery, all of which have been responded to by the appropriate defendant:

■ 1st Interrogatories to Med Depot;

■ 1st Requests for Production of Documents to Med Depot;

■ 2nd Interrogatories to Med Depot;

■ 1st Interrogatories to Preferred Homecare;

■ 1st Requests for Production of Documents to Preferred Homecare; and

■ 2nd Interrogatories to Preferred Homecare.

○ Med Depot has served, and Plaintiff has responded to, the following sets of written discovery:

■ 1st Interrogatories;

■ 1st Requests for Production of Documents; and

■   1st Requests for Admission.

● The parties have coordinated and conducted inspections of both the subject scooter and the school premises where Plaintiff's incident occurred.

● The Law Offices of Wiley Petersen has substituted in as counsel for Preferred Homecare.

● *Depositions* - The following depositions are currently set:

  ○ Plaintiff, Raymond J. Olsen (December 19, 2017);

  ○ FRCP 30(b)(6) witness for Medical Depot (January 8, 2018) on 9 separate topics;

  ○ FRCP 30 (b)(6) witness for Preferred Homecare (January 5, 2018) on 10 separate topics;

  ○ Plaintiff's daughter (date TBD); and

  ○ approximately five (5) other, lay witnesses (dates TBD).

III.   **DISCOVERY THAT REMAINS TO BE COMPLETED**

The following discovery remains:

● Document Production:  As noted above, while many pages have been recently received and produced already, records from a few treating physicians must still be obtained, evaluated, and properly disclosed.  Defendants are in the process of obtaining and reviewing medical records from approximately 34 of the 39 different medical providers.  Defendants are still waiting on medical records from 5 remaining medical providers.

● Depositions:

  ○ The depositions of Plaintiff and the witnesses mentioned above must be completed;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- ○ Medical Depot anticipates, the need to take the depositions of approximately six (6) to ten (10) depositions of Plaintiff's various treating physicians, and is in the process of obtaining availability of these treating physicians, including, but not necessarily limited to:

  - ■ Dr. Roman Sibel;

  - ■ Dr. Roddy McGee;

  - ■ Dr. Thomman Kuruvilla;

  - ■ Dr. Michael Schlaack;

  - ■ Dr. Troy Watson;

  - ■ Dr. Balduini (first name unknown at this point);

  - ■ Jeromy Mendenhall, PA-C; and

  - ■ potentially PMK's of various other providers.

- ○ Based on the complexity of Plaintiff's medical history and the severity of the injuries claimed to be related to this incident, the Parties each anticipate retaining several expert witnesses and, thereafter, making appropriate disclosures of related reports;

- ○ Defendants will also need to take the depositions of any experts identified by Plaintiff; and

- ○ Plaintiff will take the depositions of any experts retained by Defendants.

## IV.   REASON WHY DISCOVERY CANNOT BE COMPLETED

The Parties submit their efforts to date have been sufficiently diligent and that the reason for not being able to complete discovery within the current schedule is simple:  there remains a significant amount of information to organize and process, especially given the unusually large number of treating physicians and related records, many of which still need to

be reviewed.[1]   Medical Depot has obtained over 3,200 pages of medical records from approximately 34 of the 39 medical providers.  There are five remaining medical providers who have not yet provided the requested records.  The Parties have been diligent in obtaining these records and reviewing the records, however, this is a time-consuming task and requires experts to perform the same.  As this Court is aware, a complete set of medical records was not available prior to the filing of the Complaint in this matter as Plaintiff's counsel was retained just prior to the Complaint being filed.  As such, the Parties have been working together to obtain all the necessary medical records.  To date, the Parties have diligently worked together to move discovery forward, and will continue to do so, however, the amount of medical records alone is a large undertaking.  Despite this significant undertaking the Parties have been able to obtain and review the majority of the necessary records.  However, given the upcoming holidays and the availability of deponents and expert witnesses additional time is requested by the Parties.

## V.    PROPOSED REVISED DISCOVERY SCHEDULE

The Parties propose the following revised discovery schedule, which will provide for an extension of each deadline by sixty (60) days, except for the deadline to Amend/Add Parties which has already passed, as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff and Medical Depot cooperated to provide the various providers with HIPAA authorizations, but some providers have not yet fully responded.  Moreover, as the Parties continue to analyze the records already obtained, additional providers have been identified, necessitating yet further efforts at obtaining medical records.

| Deadline | Current Date | Proposed Extension |
|---|---|---|
| Initial expert disclosures | 1/25/2018 | 3/26/2018 |
| Rebuttal expert disclosures | 2/26/2018 | 4/27/2018 |
| Discovery Cut-off | 3/28/2018 | 5/29/2018 |
| Dispositive motions | 4/27/2018 | 6/28/2018 |

**MAIER GUTIERREZ & ASSOCIATES**            **WILEY PETERSEN**


*/s/  Stephen Clough*                                      */s/  Jason M. Wiley*

Stephen G. Clough, Esq.                          Ryan S. Petersen, Esq.
NV Bar No. 10549                                    NV Bar No. 10715
8816 Spanish Ridge Ave.                         Jason M. Wiley, Esq.
Las Vegas, Nevada 89148                        NV Bar No.09274
*Attorney for Plaintiff*                               1050 Indigo Dr., Ste. 130
                                                                 Las Vegas, NV 89145
                                                                 *Attorneys for Defendants Medical*
                                                                 *Depot, Inc., and Preferred Homecare*

**ORDER**

The Scheduling Order and related discovery deadlines are hereby modified and extended as follows:

| Deadline | Current Date | Proposed Extension |
|---|---|---|
| Initial expert disclosures | 1/25/2018 | 3/26/2018 |
| Rebuttal expert disclosures | 2/26/2018 | 4/27/2018 |
| Discovery Cut-off | 3/28/2018 | 5/29/2018 |
| Dispositive motions | 4/27/2018 | 6/28/2018 |

**IT IS SO ORDERED.**

_____George Foley Jr._____

**United States Magistrate Judge**

Dated:___12/18/2017_____