JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ,
Nevada Bar No. 9752
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail: jag@mgalaw.com
laa@mgalaw.com

*Attorneys for Plaintiff Raymond J. Olsen, Jr.*

**UNITED STATES DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RAYMOND J. OLSEN, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED HOMECARE/LIFECARE SOLUTIONS, an Arizona limited liability company; MEDICAL DEPOT, INC., dba DRIVE DEVILBISS HEALTHCARE, a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00547-GMN-GWF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[Fifth Request]** |

Plaintiff RAYMOND J. OLSEN, JR ("Plaintiff") by and through his counsel of record, the law firm of MAIER GUTIERREZ & ASSOCIATES, Defendants MEDICAL DEPOT, INC. dba DRIVE DEVILBISS HEALTHCARE ("Med Depot"), and PREFERRED HOMECARE/LIFECARE SOLUTIONS ("Preferred Homecare")(and collectively with Med Depot, "Defendants") by and through counsel of record, the law firm of WILEY PETERSEN; and (collectively with Defendants, the "Parties"), stipulate and agree to extend the discovery deadlines in this case as follows and hereby submit the same for this Court's review and consideration:

1

| Deadline | Current Date | Proposed Extension |
|---|---|---|
| Initial expert disclosures | 08/23/2018 | 10/23/2018 |
| Rebuttal expert disclosures | 09/24/2018 | 11/24/2018 |
| Discovery Cut-off | 10/26/2018 | 12/26/2018 |
| Dispositive motions | 09/26/2018 | 01/26/2019 |

**I.   PRELIMINARY STATEMENT REGARDING TIMELINESS AND GOOD CAUSE**

This fifth stipulated request to extend discovery deadlines is timely as it is made more than twenty-one days before all of the deadlines to be moved with the exception of the Initial Expert Disclosure Deadline (August 23, 2018). *See* LR 26-4. This fifth stipulated request is also supported by good cause based on: (1) the complexity of the liability and damages issues involved, which have required significant time to review and prepare for depositions of the numerous experts, treating physicians, and lay witnesses; (2) the large volume of medical records from approximately thirty-nine (39) medical providers and on-going treatment, which has required extensive time and analysis by both the Parties and their experts; (3) the difficulty in the Parties efforts to schedule appropriate depositions and the ability of expert witnesses to properly evaluate and offer opinions regarding the over 3,200 pages of medical records in this matter; (4) the difficulty in located the receptionist of Preferred Homecare/Lifecare that aided Plaintiff in his purchase of the subject knee scooter, who, as of this date, has not been located; and (5) a multi-million-dollar statement of damages by Plaintiff including. The Parties have been working cooperatively and diligently to obtain and produce records, respond to written discovery, coordinate depositions, and otherwise complete discovery consistent with the existing scheduling order, a short 45-day continuation of the current deadlines is necessary considering the extensive discovery that is required notwithstanding the Parties' diligence. *See* FRCP 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

**II.   DISCOVERY COMPLETED TO DATE**

Since the initial Scheduling Order (*see* Dkt. 13), the parties have completed the following discovery:

- *FRCP 26 Disclosures and Supplements*
    - Plaintiff has served Initial and 1st, 2nd, 3rdd and 4th Supplemental Disclosures

2

   of Witnesses and Documents identifying twenty-four witnesses and approximately 1,500 pages of documents;
  - Preferred Homecare has served Initial Disclosures identifying approximately 60 additional pages of documents; and
  - Medical Depot has served an Initial Disclosure, 1st and 2nd Supplemental Disclosure of documents and witnesses identifying multiple witnesses and approximately 3,000 pages of documents. Despite the diligence of the Parties, there still remains medical records from several medical providers that are in the process of being obtained.
- *Written Discovery*
  - Plaintiff has served the following sets of written discovery, all of which have been responded to by the appropriate defendant:
    - 1st Interrogatories to Med Depot;
    - 1st Requests for Production of Documents to Med Depot;
    - 2nd Interrogatories to Med Depot;
    - 1st Interrogatories to Preferred Homecare;
    - 1st Requests for Production of Documents to Preferred Homecare; and
    - 2nd Interrogatories to Preferred Homecare.
  - Med Depot has served, and Plaintiff has responded to, the following sets of written discovery:
    - 1st Interrogatories;
    - 1st Requests for Production of Documents; and
    - 1st Requests for Admission.
- The parties have coordinated and conducted inspections of both the subject scooter and the school premises where Plaintiff's incident occurred.
- The Law Offices of Wiley Petersen has substituted in as counsel for Preferred Homecare.
- *Depositions* - The following depositions have been completed:

- Plaintiff, Raymond J. Olsen;
- FRCP 30(b)(6) witness for Medical Depot on 9 separate topics;
- FRCP 30 (b)(6) witness for Preferred Homecare on 10 separate topics;
- Dr. Roman Sibel;

The following depositions need to be completed:

- Plaintiff's daughter (date TBD); and
- approximately five (5) other, lay witnesses (dates TBD)
- Dr. Troy Watson, Plaintiff's Expert, September 19, 2018.
- Preferred Homecare/Lifecare receptionist (location unknown)

### III. DISCOVERY THAT REMAINS TO BE COMPLETED

The following discovery remains:

- Document Production: As noted above, while many pages have been received and produced already, records from a few treating physicians must still be obtained, evaluated, and properly disclosed. Defendants are in the process of obtaining and reviewing additional medical records from several different medical providers. Defendants are still waiting on some additional medical records from several medical providers.
- Depositions:
  - The depositions of treating/expert physicians and the witnesses mentioned above must be completed;
  - Medical Depot anticipates, the need to take the depositions of approximately two (2) to eight (8) depositions of Plaintiff's various treating physicians, and is in the process of obtaining availability of these treating physicians, including, but not necessarily limited to:
    - Dr. Roddy McGee;
    - Dr. Thomman Kuruvilla;
    - Dr. Michael Schlaack;
    - Dr. Troy Watson;

- - Dr. Balduini (first name unknown at this point);
  - Jeromy Mendenhall, PA-C;
  - Preferred Homecare/Lifecare receptionist; and
  - Potentially PMK's of various other providers.
  - Based on the complexity of Plaintiff's medical history and the severity of the injuries claimed to be related to this incident, the Parties each anticipate retaining several expert witnesses and, thereafter, making appropriate disclosures of related reports;
  - Defendants will also need to take the depositions of any experts identified by Plaintiff; and
  - Plaintiff will take the depositions of any experts retained by Defendants.

IV.    **REASON WHY DISCOVERY CANNOT BE COMPLETED**

The Parties submit their efforts to date have been sufficiently diligent and that the reason for not being able to complete discovery within the current schedule is simple: there remains a significant amount of information to organize and process, especially given the unusually large number of treating physicians and related records, many of which still need to be reviewed.[1]  Additionally, Plaintiff continues to treat and those records need to be collected and disclosed and possibly provided to the experts for further analysis for their expert reports.  The parties have exchanged over 3,200 pages of medical records from most of the multiple medical providers.  There are some remaining medical providers who have not yet provided all of the requested records.  The Parties have been diligent in obtaining these records and reviewing the records, however, this is a time-consuming task and requires experts to perform the same.  As this Court is aware, a complete set of medical records was not available prior to the filing of the Complaint in this matter as Plaintiff's counsel was retained just prior to the Complaint being filed.  As such, the Parties have been working together to obtain all the necessary medical records.  To date, the Parties have diligently worked together to move discovery

---

[1] Plaintiff and Medical Depot cooperated to provide the various providers with HIPAA authorizations, but some providers have not yet responded.  Moreover, as the Parties continue to analyze the records already obtained, additional providers have been identified, necessitating yet further efforts at obtaining medical records.

forward, and will continue to do so, however, the amount of medical records alone is a large undertaking for the Parties as well as the retained experts. Despite this significant undertaking the Parties have been able to obtain and review the majority of the necessary records. However, given the time needed to obtain the records and the availability of deponents and expert witnesses additional time is requested by the Parties.

## V.  PROPOSED REVISED DISCOVERY SCHEDULE

The Parties propose the following revised discovery schedule, which will provide for an extension of each deadline by ninety (90) days, except for the deadline to Amend/Add Parties which has already passed, as follows:

| Deadline | Current Date | Proposed Extension |
| --- | --- | --- |
| Initial expert disclosures | 08/23/2018 | 10/23/2018 |
| Rebuttal expert disclosures | 09/24/2018 | 11/24/2018 |
| Discovery Cut-off | 10/26/2018 | 12/26/2018 |
| Dispositive motions | 09/26/2018 | 01/26/2019 |

DATED this 23rd day of August, 2018          DATED this 23rd day of August, 2018

**MAIER GUTIERREZ & ASSOCIATES**          **WILEY PETERSEN**

*/s/ Stephen G. Clough*          */s/ Ryan S. Petersen*

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Raymond J. Olsen, Jr.*

RYAN S. PETERSEN, ESQ.
Nevada Bar No. 10715
JASON M. WILEY, ESQ.
Nevada Bar No. 09274
1050 Indigo Drive #130
Las Vegas, Nevada 89145
*Attorneys for Defendants Medical Depot, Inc. and Preferred Homecare*

# ORDER

The Scheduling Order and related discovery deadlines are hereby modified and extended as follows:

| **Deadline** | **Current Date** | **Proposed Extension** |
|---|---|---|
| Initial expert disclosures | 08/23/2018 | 10/23/2018 |
| Rebuttal expert disclosures | 09/24/2018 | 11/23/2018 |
| Discovery Cut-off | 10/26/2018 | 12/24/2018 |
| Dispositive motions | 09/26/2018 | 01/24/2019 |

**IT IS SO ORDERED.**

_____
**United States Magistrate Judge**

Dated: 8/24/2018